PEOPLE ex rel. CONSOLIDATED GAS CO. OF NEW YORK v. FEITNER et al., Commissioners of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. January 16, 1903.)

1. TAXATION—ASSESSMENT—STATEMENT BY TAXPAYER—WEIGHT.

Where a corporation makes a statement under oath as to its assets and property liable to taxation, which is filed with the commissioners of assessments, and its president also appears before the commissioners, and gives testimony substantiating the statement, such showing by the corporation is binding on the assessors in the absence of any contradictory matter.

2. SAME—CHALLENGING ASSESSMENT—CONCLUSION OF ASSESSORS—EVIDENCE.

Whenever the act of assessors is challenged, they must, in addition to setting forth the conclusion reached by them, set forth the evidence on which it is based, to the end that the court may determine whether the conclusion was fairly drawn from the facts established, or whether they acted arbitrarily.

3. SAME—EARNINGS OF CORPORATION—EVIDENCE.

The dividends paid by a corporation may not be looked to as a basis for the determination of its earnings for purposes of an assessment for taxation.

4. SAME—FRANCHISE OF CORPORATION.

The franchise of a corporation is no part of its taxable capital.

5. SAME—DETERMINATION OF COMMISSIONERS—EVIDENCE—SUFFICIENCY.

The return of assessors relative to their assessment of the property of a corporation recited that they had determined the value of the gross assets of the corporation, estimating the same on the earnings of the company, supported by the market value of the "share stock" at a certain price. It did not appear how the assessors determined what the earnings were, nor how they ascertained the market rate of the "share stock." Held, that the assessment was erroneous on the face of the return for want of a proper basis for the making thereof.

6. SAME—CORRECTING ASSESSMENT.

Laws 1896, c. 908, § 253, enacts that, if it appear on the return of a writ to review an assessment that the assessment is illegal or erroneous or unequal, the court may order such assessment, if illegal, to be stricken from the rolls, or, if erroneous or unequal, it may order a reassessment. Held, that where, on appeal in proceedings to review an assessment, it did not appear from the record that the assessment was illegal, in that relator had no property liable to taxation, but it appeared to be erroneous, in that the commissioners adopted an improper basis in making it, the matter would be sent back to the commissioners for further consideration.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Consolidated Gas Company of New York, against Thomas L. Feitner and others, commissioners of taxes and assessments of the city of New York, to review an assessment. From an order vacating the assessment (77 N. Y. Supp. 745), respondents appeal. Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David Rumsey, for appellants.
David McClure, for respondents.

McLAUGHLIN, J. The relator, a domestic corporation, was, for the purposes of taxation for the year 1900, assessed, under section

12 of the tax law, $36,200,000. After such assessment was made, and while the books were open for examination and correction, the relator, considering itself aggrieved by such assessment, applied to have the same corrected, and at the time of such application submitted a statement in writing, under oath, as to its assets and property liable to taxation. Its president also appeared before the commissioners, and was examined, under oath, as to the truth of the written statement filed. From the statement and the testimony of the president of the relator it appeared that its total gross assets were $43,469,067.05. Its indebtedness was $20,376,950.21; real estate, $19,009,100; stock in other corporations, $20,791,638,—which, if true, established that the relator's capital and surplus were not assessable. From the return of the respondents it appears that, after considering such statement and examination, they fixed the assessment at $2,-881,385, and the method by which this amount was reached is set out in the return as follows:

"We determined that the value of the total gross assets of the relator, estimating the same upon the earnings of the company, supported by the market rate of the share stock at $190, including the fixed charges of interest on their bonds and the dividends of five and one-half per cent. on the stock, was .................................................... $68,120,073

From this valuation we determined that the only
deductions that were required by law to be made
were as follows:

| | | |
|---|---|---|
| Real estate ..................................... | $10,009,100 | |
| Debts ......................................... | 20,376,950 | |
| Stocks ........................................ | 20,791,638 | |
| Franchise ..................................... | 13,950,000 | |
| Total .......... ..................................... | | $65,127,688 |

Leaving a taxable balance as capital and surplus of.......... $ 2,992,385"

—At which sum the return states the assessment was fixed, though in fact it was fixed at $2,881,385. Thereafter the relator obtained a writ of certiorari to review the assessment, and, upon the petition and writ coming on to be heard at special term, the assessment was stricken from the rolls, and the defendants have appealed.

The commissioners, of course, were bound to assess the capital and surplus of the relator at its full value. In doing this they could not, however, act arbitrarily, but they must be governed by the evidence before them. If there was nothing to contradict the statement filed by the relator and the testimony of its president, then the commissioners were bound to accept such statement and testimony as true, and determine whether or not the relator had assessable property. People v. Coleman, 126 N. Y. 433, 27 N. E. 818, 12 L. R. A. 762; People v. Barker, 139 N. Y. 55, 34 N. E. 722; People v. Barker, 141 N. Y. 251, 36 N. E. 196. This, however, so far as appears, they did not do, and whether they were justified in rejecting these statements cannot be determined from the record before us. The return does not disclose the evidence upon which the commissioners acted. The conclusion at which they arrived is stated, but this is insufficient, inasmuch as their act has been questioned. Whenever the act of assessors is challenged, they must, in addition to setting forth the conclusion reached by them, set forth the evidence

upon which that conclusion is based, to the end that the court may determine whether the conclusion was fairly drawn from the facts established, or whether they acted arbitrarily in the matter. Here the commissioners stated in the return made by them that they determined the value of the gross assets "upon the earnings of the company, supported by the market rate of the share stock at $190, including the fixed charges of interest on their bonds and the dividends of five and one-half per cent. on the stock." How they ascertained what the earnings were nowhere appears. There is nothing to show that there was any evidence before them which enabled them to do this, except the dividends made, and this alone is manifestly insufficient for that purpose. Such dividends may have been paid from the surplus, and there may have been no earnings at all. Before earnings can be used as the basis for an assessment, that fact must necessarily be first established. People v. Barker, 141 N. Y. 255, 36 N. E. 196. Nor does it appear how the commissioners ascertained the market rate of the "share stock." No evidence was taken bearing upon that subject, and whether it was a value arbitrarily put upon the shares we are unable to say. Nor does it appear whether the value thus fixed for the "share stock" included the value of the franchise. If it did, then the commissioners erred, because its franchise was no part of its taxable capital. People v. Barker, 7 App. Div. 27, 39 N. Y. Supp. 776, affirmed 151 N. Y. 639, 45 N. E. 1133. Sufficient has been said to show that the assessment may not be illegal, but that it is clearly erroneous, as appears from the return, in that a proper basis was not adopted by the assessors in making it. But we do not think, because the commissioners adopted an improper basis in making the assessment, that the relator should entirely escape taxation if it has property liable to be taxed. The statute (section 253, c. 908, Laws 1896) provides that, if it shall appear upon the return of a writ to review an assessment that the assessment is illegal, or erroneous, or inequal for the reasons stated in the petition, the court may order such assessment, if illegal, to be stricken from the rolls; or, if erroneous or inequal, it may order a reassessment. People v. Barker, 146 N. Y. 316, 40 N. E. 996; People v. Barker, 165 N. Y. 319, 59 N. E. 137, 151; People v. Feitner, 61 App. Div. 129, 70 N. Y. Supp. 500, affirmed 171 N. Y. 641, 63 N. E. 786. Here we cannot say, from the record before us, that the assessment is illegal, in that the relator has no property liable to taxation, but it is clearly erroneous in that the commissioners adopted an improper basis in making it, and we think the proper disposition to be made of the appeal is to send the matter back to the commissioners for a further consideration by them.

The order appealed from, therefore, is so modified as to vacate the assessment and order a reassessment by the tax commissioners, with costs of this appeal to abide the final determination of the proceeding. All concur.